**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAROL MARIN, PHILIP ROGERS, ALISON FLOWERS, ROBIN AMER, LINDSEY DORCUS, YOHANCE LACOUR, and VICTORIA NASSIF, each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALPHABET, INC., a Delaware corporation, and GOOGLE LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 1:26-cv-05436<br><br>Judge April M. Perry |

**APPLE INC.'S MOTION TO REASSIGN
RELATED CASES PURSUANT TO LOCAL RULE 40.4**

Apple Inc. ("Apple") moves pursuant to Local Rule 40.4 to reassign to this Court the actions captioned *Lacour et al v. Apple Inc.*, No. 1:26-cv-05536 (N.D. Ill.), currently assigned to Judge Sharon Johnson Coleman; *Amer et al v. Eleven Labs Inc.*, No. 1:26-cv-05437 (N.D. Ill.), *Marin et al v. Meta Platforms, Inc.*, No. 1:26-cv-05438 (N.D. Ill.), and *Flowers et al v. Microsoft Corp.*, No. 1:26-cv-05491 (N.D. Ill.), currently assigned to Judge Steven Seeger; *Rogers et al v. Nvidia Corp.*, No. 1:26-cv-05478 (N.D. Ill.), currently assigned to Judge Thomas M. Durkin; *Rogers et al v. Amazon.com, Inc.*, No. 1:26-cv-05497 (N.D. Ill.), currently assigned to Judge Jorge L. Alonso; *Nassif et al v. Samsung Electronics Co., Ltd.*, No. 1:26-cv-05567 (N.D. Ill.), currently

assigned to Judge Jeremy C. Daniel; and *Dorcus et al v. Adobe, Inc.*, No. 1:26-cv-05575 (N.D. Ill.), currently assigned to Judge John Robert Blakey, all of which are related to this action.[1]

This case and each of the eight related actions identified above (together, the "BIPA Training Data Cases") are all putative class actions that were filed in this District by the same firm, on behalf of the same named plaintiffs, the very same week. Every complaint asserts the same nine causes of action, including five claims under the Illinois Biometric Information Privacy Act ("BIPA") and additional claims under the Illinois Right of Publicity Act ("IRPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), and the common law of unjust enrichment. All of these claims are based on identical legal theories and similar factual allegations that implicate technologically complex issues concerning AI training and machine learning. The complaints accordingly raise multiple common legal and factual questions that will be essential to all nine of the BIPA Training Data Cases, including but not limited to whether plaintiffs' overarching theory of liability across these nine cases can support any of their nine parallel causes of action.

Given these commonalities, the BIPA Training Data Cases are related and satisfy all of the required conditions for reassignment under Local Rule 40.4. The legal and factual issues presented by all nine cases overlap substantially and should properly be considered by a single judge. It would be highly inefficient for all seven judges assigned to the BIPA Training Data Cases to invest the time and resources required to understand and engage with the novel theories and complex subject matter involved in these cases. Apple thus respectfully requests that the eight BIPA

---

[1] Apple is filing this motion promptly consistent with the timing prescribed in Local Rule 40.4, which provides that "such motions should not generally be filed until after the appearances of all parties have been filed in each of the proceedings involved." L.R. 40.4(c). Apple has met and conferred with counsel for the plaintiffs, who oppose this motion. Apple has also conferred with counsel for the other defendants in the BIPA Training Data Cases and understands that Amazon, Meta, and Eleven Labs oppose the motion. The remaining defendants—including Adobe, Google, Microsoft, Nvidia, and Samsung—have not taken any position on the requested relief as of this time.

Training Data Cases referenced above be assigned to this Court in order to promote the efficient use of judicial resources and minimize the risk of inconsistent rulings or judgments on identical issues.

## BACKGROUND

Plaintiffs' counsel in the BIPA Training Data Cases filed a coordinated series of nine complaints in this District on behalf of the same named plaintiffs between May 11 and 14, 2026.[2] Exs. A-I. Each of the complaints asserts the same nine claims against the relevant defendant under BIPA and other Illinois statutes, as well as under the common law, based on identical legal theories and materially similar factual allegations.

More specifically: Each of the complaints rests on similar allegations that the defendant included plaintiffs' publicly distributed voice recordings in datasets they used for AI model training. In each case, plaintiffs allege that the defendant violated BIPA §§ 15(a)-(e), IRPA, and other sources of Illinois law by (i) ingesting the plaintiffs' voice recordings to train AI models, (ii) extracting voiceprints or other biometric information from those voice recordings in the course of AI model training, (iii) encoding the extracted biometric information in the model weights and parameters, and (iv) using the models to power various commercial products. *See, e.g.*, Ex. A (Google Compl.) ¶¶ 1, 3, 5, 9; Ex. B (Apple Compl.) ¶¶ 2, 4, 6, 13; Ex. C (Adobe Compl.) ¶¶ 2, 4, 7, 12; Ex. D (Amazon Compl.) ¶¶ 1, 4, 6; Ex. E (Eleven Labs Compl.) ¶¶ 1, 9, 12-13; Ex. F (Meta

---

[2] The cases against Google, Adobe, Eleven Labs, Meta, Microsoft, Nvidia, and Samsung involve claims by the exact same seven named plaintiffs, with the lead named plaintiff rotating from case to case. Six of the seven plaintiffs are also named plaintiffs in the cases against Apple and Amazon. In each case, the named plaintiffs purport to assert claims on behalf of a class defined in materially identical terms, consisting of "[a]ll natural persons whose voice recordings were produced or recorded in Illinois, and from whose recordings [defendants] extracted, derived, or otherwise obtained voiceprints or biometric information in connection with the development, training, fine-tuning, evaluation, or operation of [their] foundational voice synthesis models" during the alleged class periods. Ex. A (Google Compl.) ¶ 134; *see also* Ex. B (Apple Compl.) ¶ 121; Ex. C (Adobe Compl.) ¶ 117; Ex. D (Amazon Compl.) ¶ 129; Ex. E (Eleven Labs Compl.) ¶ 113; Ex. F (Meta Compl.) ¶ 130; Ex. G (Microsoft Compl.) ¶ 119; Ex. H (Nvidia Compl.) ¶ 149; Ex. I (Samsung Compl.) ¶ 135.

Compl.) ¶¶ 1, 6, 8, 12; Ex. G (Microsoft Compl.) ¶¶ 1, 5, 8, 12; Ex. H (Nvidia Compl.) ¶¶ 1, 6, 8, 12; Ex. I (Samsung Compl.) ¶¶ 4, 6, 8, 11.  The complaints are tailored to each defendant and accordingly differ in subtle ways, but the overarching legal theory—which is legally meritless and deficiently pled, but which nevertheless applies across all cases—relies on identical allegations of a causal chain and raises the same set of cross-cutting legal questions under BIPA, IRPA, and the other Illinois laws under which plaintiffs bring their claims.

Each of these cases also implicates the same principles and concepts within the field of artificial intelligence and machine learning model training.  *See* Ex. A (Google Compl.) ¶ 41.  Plaintiffs allege in every case that in modern machine learning systems, the data used to train a particular model becomes automatically "encoded" in that model.  *See, e.g.*, Ex. A (Google Compl.) ¶ 9.  Those allegations form the basis for plaintiffs' claims that the defendants have profited from plaintiffs' biometric data in violation of BIPA.  These claims rely in large part on generally applicable principles, rather than the specific factual details of defendants' individual technologies.  *See, e.g.*, Ex. A (Google Compl.) ¶ 9; *see also* Ex. B (Apple Compl.) ¶ 42; Ex. C (Adobe Compl.) ¶ 151; Ex. D (Amazon Compl.) ¶¶ 6, 103; Ex. E (Eleven Labs Compl.) ¶ 1; Ex. F (Meta Compl.) ¶ 8; Ex. G (Microsoft Compl.) ¶ 8; Ex. H (Nvidia Compl.) ¶ 8; Ex. I (Samsung Compl.) ¶ 5.

Defendants in each case have filed appearances but have not yet filed answers or motions to dismiss.  Exs. J-R.  Initial status conferences have been scheduled but not yet held, and the parties have not yet filed their initial joint status reports.

## **ARGUMENT**

Local Rule 40.4 provides that related cases may be reassigned to a single judge in the interest of judicial efficiency and to avoid contradictory outcomes across cases presenting similar

issues. L.R. 40.4; *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019*).* The rule "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common," *Glob. Pat. Holdings, LLC v. Green Bay Packers, LLC*, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008), and helps "ensure consistent rulings on common questions" at issue in multiple pending actions, *Urb. 8*, 2019 WL 2515984, at *3; *Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) (emphasizing that the rule serves the judiciary's interest "in avoiding messy, duplicative litigation").

To be eligible for reassignment, as a first step, the cases in question must be "related" under Local Rule 40.4(a). That rule provides that cases may be related if they "involve the same property;" "involve some of the same issues of fact or law;" or "grow out of the same transaction or occurrence." L.R. 40.4(a). Putative class actions may also be deemed related where "one or more of the classes . . . is or are the same." *Id.* Where Local Rule 40.4(a) is satisfied, the later-filed related case(s) may be reassigned to the judge overseeing the earliest-filed case so long as "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). Here, reassignment is clearly appropriate under a straightforward application of this standard because the BIPA Training Data Cases raise numerous common issues and readily satisfy each condition required by Local Rule 40.4(b).

**I.      The BIPA Training Data Cases Are Related Pursuant to Local Rule 40.4(a)**

The BIPA Training Data Cases are indisputably related in multiple respects. The complaints on their face raise numerous identical legal and factual issues, including but not limited

to: (a) the plausibility and legal merits of plaintiffs' "encoded in the model" theory; (b) whether a new claim under BIPA accrues each time an AI model trained with biometric data is deployed for commercial use; (c) whether and to what extent Illinois law applies to data collected outside of Illinois from voice recordings allegedly created within Illinois; (d) the plausibility and legal merits of plaintiffs' theory that the alleged use of their data for AI model training would constitute an "appropriation" of their "identity" under IRPA; and (e) whether an alleged failure to publicly disclose how AI models are trained constitutes an unfair or deceptive practice under Illinois consumer protection statutes.

Taken together, these cross-cutting issues more than suffice to satisfy Local Rule 40.4(a), which requires only that related cases "involve *some of the same* issues of fact *or* law." L.R. 40.4(a)(2) (emphasis added). While each of the BIPA Training Data Cases will turn in part on defendant-specific facts, they share a common set of core liability theories, legal questions, and factual allegations, which are material and potentially dispositive of one or more of plaintiffs' claims, and which confirm that the cases can and should properly be treated as related. *Urb. 8*, 2019 WL 2515984, at *3 (emphasizing that cases may be deemed related even if the issues are not precisely identical, and even if each case raises significant unique issues that may predominate over shared issues); *Glob. Pat. Holdings*, 2008 WL 1848142, at *3 ("[T]wo cases need not be absolutely identical to be related for purposes of LR 40.4."). Given the case-specific facts and nuances, Apple does not seek formal consolidation under Federal Rule of Civil Procedure 42— only reassignment pursuant to Local Rule 40.4, which courts in this District have routinely ordered without formal consolidation in a single proceeding. *See, e.g.*, *Richburg v. Conagra Brands, Inc.*, 2022 WL 16836408, at *3-4 (N.D. Ill. Nov. 9, 2022) (granting reassignment but deferring issue of consolidation); *Helferich Patent Licensing, LLC v. N.Y. Times Co.*, 2012 WL 1368193, at *3 (N.D.

Ill. Apr. 19, 2012) (emphasizing that reassignment is distinct from, and does not require, consolidation); *Urb. 8*, 2019 WL 2515984, at *3 (granting reassignment without consolidation); *Glob. Pat. Holdings*, 2008 WL 1848142, at *4 (same).

The parallel class definitions further confirm that the cases are related within the meaning of Local Rule 40.4(a). L.R. 40.4(a)(4). The putative class in each case includes the same named plaintiffs as well as others who created or produced voice recordings in Illinois that were later used by defendants to create voiceprints for AI model training. As Apple will explain in future filings, plaintiffs have not adequately pled their class allegations. But it is clear from the face of the complaints that plaintiffs purport to assert claims against multiple defendants on behalf of overlapping putative classes, including themselves and other broadcast journalists, podcasters, and audiobook narrators who created or produced voice recordings in Illinois.[3] This commonality independently satisfies Local Rule 40.4(a).

## II. Reassignment Is Appropriate Under Local Rule 40.4(b)

Reassignment of the BIPA Training Data Cases to this Court is appropriate under Rule 40.4(b) and would serve the efficiency interests the rule was designed to protect. Each of the four prerequisites for reassignment is satisfied here:

*First*, all nine BIPA Training Data Cases are "pending in this Court." Exs. J-R; *see* L.R. 40.4(b)(1).

*Second*, reassignment of all cases to a single judge is highly likely to yield "a substantial saving of judicial time and effort." L.R. 40.4(b)(2). As discussed above, the nine cases share important commonalities, including identical claims and legal theories and many similar facts.

---

[3] Notably, plaintiffs' counsel's own website markets these cases as a single litigation initiative and solicits outreach *en masse* for the litigation from any "Illinois residents and anyone whose voice was captured or analyzed while in Illinois," further confirming the overlapping putative class membership. Loevy + Loevy, *BIPA AI Class Action*, https://www.loevy.com/class-actions/artificial-intelligence/bipa-ai-class-action/ (last visited July 1, 2026).

*Supra* Section I. Adjudicating these cases will require an understanding of complex technological concepts, including, for example, AI model training and development, modern voice-related technologies, and biometric processing. *Id.* In this sense, the BIPA Training Data Cases resemble patent litigation, which courts in this District have recognized require a "significant investment of judicial time and resources due to the complicated nature of the underlying subject matter." *Helferich Patent Licensing*, 2012 WL 1368193, at *3 (reassigning patent case based on efficiency considerations). It would be extraordinarily inefficient to have multiple judges learn all of these concepts in parallel. And the possibility of inconsistent rulings on similar issues gives rise to the risk of competing appeals. Reassignment would require only one judge to engage with these complex issues and thus would eliminate duplicative time and effort that would be required were the cases to proceed with their current assignments. *See id.*; *see also, e.g.*, *Urb. 8*, 2019 WL 2515984, at *3 (granting reassignment to avoid duplicative judicial efforts in cases involving "complex" issues).

*Third*, the earliest-filed BIPA Training Data Case—that is, the Google Case—has not advanced to the point where reassignment "would be likely to delay the proceedings" in any way, let alone "substantially." L.R. 40.4(b)(3). The Google Case was filed the same week as the other BIPA Training Data Cases. The Court has not yet held an initial status conference, nor has Google filed a response to the complaint. The remaining cases are identically situated. Reassignment will have no bearing on the progress of this action or any of the other actions, except perhaps to ensure that the cases proceed through litigation at a similar pace. *See id.*; *Helferich Patent Licensing*, 2012 WL 1368193, at *3 (granting reassignment even where earlier-filed case was more than a year old).

*Fourth*, and finally, reassignment is appropriate because the common issues in the BIPA

-8-

Training Data Cases are "susceptible of disposition in a single proceeding." L.R. 40.4(b)(4). The inquiry for purposes of this condition is simply whether "issues of law and fact are the same" across the related cases. *Helferich Patent Licensing*, 2012 WL 1368193, at \*3. The cases need not be "exactly identical," nor need they actually proceed together for unified disposition after reassignment. *Id.* ("Reassignment does not require that the two cases be bound together, proceeding in unison for all purposes. . . . [T]hey merely need to be *susceptible* to disposition at the same time."). The BIPA Training Data Cases indisputably raise "similar issues" based on "similar facts," including the several important cross-cutting legal and factual issues identified above, which may be dispositive of one or more of plaintiffs' claims across all cases. *See supra* Section I. These common factual and legal issues clearly satisfy the final requirement for reassignment to this Court. *See id.*; *see also, e.g.*, *Urb. 8*, 2019 WL 2515984, at \*4 (final condition satisfied where "the witnesses, counsel, and many of the facts" in related cases were "the same or substantially similar"); *Glob. Pat. Holdings*, 2008 WL 1848142, at \*4 (similar); *Richburg*, 2022 WL 16836408, at \*3 n.3 (similar).

## <u>CONCLUSION</u>

For the above reasons, Apple respectfully requests that the BIPA Training Data Cases be deemed related and that the later-filed eight cases be reassigned to this Court's docket pursuant to Local Rule 40.4.

Dated:  July 21, 2026

Respectfully submitted,


By:*/s/ Lauren Goldman*
Lauren Goldman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166-0193
Telephone:       212.351.4000
Facsimile:        212.351.4035
lgoldman@gibsondunn.com

Andrew G. May
NEAL, GERBER & EISENBERG LLP
225 West Randolph Street, Suite 2800
Chicago, IL 60606
Telephone: 312.269.8000
amay@nge.com

*Counsel for Movant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of July, 2026, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered with CM/ECF.

*/s/ Andrew G. May*
Andrew G. May
